**Andreas KELLY, Petitioner–Appellant,**

v.

**Larry SMALL, Warden, Respondent–Appellee.**

No. 99–56673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2002.

Opinion Filed Aug. 27, 2002.

Amended Jan. 14, 2003.

Wayne R. Young, Santa Monica, CA, for the petitioner-appellant.

Alan D. Tate, Deputy Attorney General, Los Angeles, CA, for the respondents-appellees.

Before: LAY,* CANBY and PAEZ, Circuit Judges.

## ORDER

The opinion filed August 27, 2002, and appearing at 300 F.3d 1159 (9th Cir.2002) is amended. The amended opinion is filed herewith.

Petitioner's motion to withdraw his motion to file a pro se petition for panel and en banc rehearing is granted.

The panel has voted unanimously to deny the respondent's petition for panel rehearing. Judge Paez has voted to deny respondent's petition for en banc rehearing, and Judges Lay and Canby so recommend. The full court has been advised of respondent's petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

Respondent's petition for panel rehearing and for rehearing en banc are denied. No further petitions for rehearing or rehearing en banc will be entertained.

## OPINION

LAY, Circuit Judge:

Andreas J. Kelly was convicted in California state court of eight counts of first-degree residential robbery, one count of second-degree robbery, and two counts of kidnapping for robbery with enhancement for the use of a firearm and a knife. He was sentenced to state prison for two consecutive life terms plus an additional twelve years and four months. Petitioner appealed his conviction to the California Court of Appeal, Second Appellate District, Division Seven. In an unpublished opinion filed April 6, 1998, the Court of Appeals affirmed the judgment. In an order filed July 22, 1998, the California Supreme Court denied review. Kelly thereafter filed, under 28 U.S.C. § 2254, a petition for writ of habeas corpus in the United States District Court for the Central District of California. The state moved for summary dismissal on the ground that Petitioner had not exhausted

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

his available state remedies. The case was assigned to a magistrate judge. The magistrate judge found that Petitioner had not exhausted five of his eight claims and that he could submit an amended petition deleting the unexhausted claims, but that his failure to do so would result in the dismissal of his petition without prejudice. The district court adopted the magistrate judge's findings and recommendations and dismissed the petition without prejudice. The district court denied a certificate of appealability. On March 24, 2000, this court granted Petitioner's renewed request for a certificate of appealability. We reverse.

■ A state prisoner is required to exhaust all available state court remedies before a federal court may grant him habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Keeney v. Tamayo–Reyes*, 504 U.S. 1, 9, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (citing 28 U.S.C. § 2254(b)). Exhaustion requires the state prisoner give the state courts a *"fair* opportunity to act" on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. 1728; *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (2000), *as modified by* 247 F.3d 904 (9th Cir.2001). The state prisoner must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citing *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)); *see also Lyons*, 232 F.3d at 670 (holding that a petitioner must characterize the claims raised in state proceedings *"specifically* as federal claims") (emphasis in original). In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Court held that a "mixed" federal habeas petition—one that presents some exhausted and some unexhausted state claims—must be dismissed without prejudice. *Id.* at 520–22, 102 S.Ct. 1198.

In his federal habeas petition, Petitioner raises eight enumerated claims for relief. The parties agree that the first, third, and eighth federal claims were fully exhausted before the state court.[1] We need only consider whether the district court erred by holding the remaining federal claims were unexhausted. The district court held that Petitioner's remaining five claims suffered from a lack of development such that the California Supreme Court could not have considered them. On appeal, Petitioner maintains that he presented an exhausted petition. We address each disputed claim in turn.

■ Three of the claims the district court found unexhausted were, in fact, clearly exhausted before the California Supreme Court. In his fourth enumerated federal claim, Petitioner objected that the admission of certain hearsay statements violated his Sixth Amendment right of confrontation. In his sixth claim, he objected that the admission of uncharged crimes

---

1. These state claims include: (1) "Whether a defendant's ... rights of due process are violated where the prosecutor trying the defendant's case testifies as a witness ... regarding material contested issues, his opinions regarding the defendant's guilt and inadmissible character evidence;" (2) "Whether the trial court's denial of a defendant's motion to re-cuse the prosecuting attorney who testifies as a witness ... and continues to prosecute the case, arguing his own credibility to the jury, violates [California law] and a defendant's ... rights of due process;" and (3) "Whether pervasive, repeated instances of prosecutorial misconduct violate[ ] a defendant's ... right of due process."

evidence and misdemeanor convictions violated his Fifth and Fourteenth Amendment due process rights. In his seventh claim, he objected that various instructions by the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights. The district court found that Petitioner's summary treatment of these issues before the California Supreme Court was insufficient to satisfy the *O'Sullivan* standard. The petitioner presented his claims to the California Supreme Court merely in the form of the stated question or issue, without further discussion. Assuming the California Supreme Court only had before it Petitioner's brief, the district court's conclusion would not be entirely unreasonable.

The California Supreme Court had before it, however, more than Petitioner's brief. It also had the unpublished opinion of the California Court of Appeal. In *Reese v. Baldwin*, 282 F.3d 1184 (9th Cir. 2002), we held that—although a petitioner must explicitly present his federal claims to the highest state court—a petitioner does so where the petitioner explicitly raises the federal claims before a lower court and that court addresses the questions in its decision in a manner sufficient to put a reviewing court on notice of the specific federal claims. *Id.* at 1193. This is sufficient, we held, because an appellate court can be expected to be familiar with the decision upon which it is passing judgment. *Id.* (concluding that "it is appropriate to presume" that a state supreme court will read the substantive decision under review). Presuming the California Supreme Court consulted the opinion of the state appellate court in reaching its own decision, the question we must consider is whether the opinion of the state court of appeals—combined with the questions Petitioner presented to the California Supreme Court—gave that court a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his consti-

tutional claim." *Harless,* 459 U.S. at 6, 103 S.Ct. 276.

The California Court of Appeals set forth the relevant facts and legal analysis for the claim arising from the asserted admission of hearsay evidence over the course of six pages. It devoted nearly ten pages to the claims concerning the admission of uncharged crimes and misdemeanor convictions. It spent over seven pages addressing the disputed comments by the trial court. Petitioner then set forth the constitutional bases for his claims in the questions presented in his petition to the California Supreme Court. We conclude these combined submissions should have led the district court to hold that these three federal claims had been exhausted before the state courts.

■ A closer question arises when we consider Petitioner's fifth enumerated federal claim, whether Petitioner's trial counsel was guilty of ineffective assistance in violation of his Sixth Amendment rights. In his federal petition, Kelly cited four "failures" as grounds for a finding of ineffective assistance: trial counsel (1) failed to object to the prosecutor's testimony, (2) failed to object to the several instances of alleged prosecutorial misconduct, (3) failed to object to the introduction of other crimes evidence, and (4) failed to file a motion to recuse the prosecutor based on alleged misconduct, conflict of interest, and personal animus. The California Court of Appeals devoted over ten pages to Petitioner's assertions of ineffective assistance of counsel. This discussion, however, addressed only the first three of the above alleged failures of trial counsel. For the claims arising from counsel's alleged failure to object to prosecutorial misconduct and the introduction of evidence of uncharged misconduct, the court of appeals opinion sets forth sufficient facts and federal constitutional analysis for those claims

to be considered exhausted. To the extent the court considered the prosecutor's testimony, however, it limited its consideration to a specific portion of that testimony Petitioner characterized as a prejudicial reference to his guilt. The court did not discuss Petitioner's current federal claim that the *entire* testimony violated his rights. Likewise, the court of appeals did not consider at all Petitioner's claim that counsel was ineffective for failing to file a motion to recuse.

Petitioner's failure to develop the argument that his Sixth Amendment rights were violated by counsel's failure to object to the entirety of the prosecutor's testimony does not require a finding that the claim is unexhausted. Earlier in its opinion, the state court of appeals set forth the relevant facts, including the discussion of counsel, surrounding the prosecutor's decision to testify and the trial court's decision to allow him to do so. Indeed, the court of appeals specifically noted the fact that "[defense counsel did not object] to the court's ruling allowing the district attorney to testify, except for the objection which defense counsel interposed to certain aspects of the proposed testimony which defense counsel anticipated would be objectionable hearsay." Thereafter, in his third question presented to the California Supreme Court, Petitioner specifically asserted ineffective assistance of counsel in violation of his Sixth Amendment rights as a result of his trial counsel's failure to object to the prosecutor's testimony—apparently in its entirety. This stated constitutional claim, together with the court of appeals' detailed discussion of the circumstances surrounding the prosecutor's testimony as a whole, provided the California Supreme Court a full and fair opportunity to act upon this disputed claim. *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. 1728.

■■■ We cannot, however, reach the same conclusion regarding the fourth issue raised by Petitioner's claim of ineffective assistance of counsel; that is, trial counsel's failure to file a motion to recuse the prosecutor based on alleged misconduct, conflict of interest, and personal animus. Both the court of appeals in its decision and Petitioner in his brief to the California Supreme Court discuss the alleged due process violations arising from the alleged misconduct, conflict of interest, and personal animus of the prosecutor. In doing so, they sufficiently set forth the facts on which the constitutional claim could be based. Unlike Petitioner's fourth, sixth, and seventh enumerated federal claims, however, nowhere in either the court of appeals' decision or the petition to the California Supreme Court is it suggested that Petitioner stated a specific federal constitutional claim arising from trial counsel's failure to file a motion to recuse on the grounds noted above. As we explained in *Lyons*, 232 F.3d at 670, a petitioner must characterize the claims raised in state proceedings "*specifically* as federal claims." Petitioner's failure to do so in this instance precludes our finding that the district court erred by holding this particular claim unexhausted.[2]

---

2. Admittedly, Petitioner stated a constitutional claim that trial counsel was ineffective for failing to object to these problems. Although the grounds underlying the claim of ineffective assistance for failure to file a motion to recuse are nearly identical, they remain separate constitutional claims. Under the requirement of *Harless* that a petitioner must set forth the operative facts and the federal legal theory on which his claim is based, combined with *Lyons'* requirement that the petitioner set forth the specific legal theory on which his claim is based, it was incumbent upon Petitioner to set forth the alleged failure to file a motion to recuse as an independent constitutional claim in order to give the California Supreme Court a "full and fair opportunity" to act upon it, rather than hope that the court would infer this Sixth Amendment claim from the related failure to object.

■ We also hold the district court did not err by finding unexhausted Petitioner's second enumerated federal claim, prosecutorial misconduct based upon a conflict of interest arising from civil litigation between Petitioner and the prosecutor. In his federal petition, Kelly cites several facts in support of this asserted violation, including (1) the prosecutor physically accosted him; (2) the prosecutor interrogated him outside the presence of counsel; (3) the prosecutor was found guilty of misconduct and was reported to the state bar; (4) the prosecutor withheld evidence from the grand jury, resulting in phony charges against him; and (5) he filed a police report and lawsuit for battery against the prosecutor and the prosecutor offered to dismiss several charges in exchange for Petitioner dismissing his civil suit and complaints. A review of the court of appeals' decision and Kelly's petition to the California Supreme Court reveal that, although the court had notice of the third and fourth asserted facts, this notice was based on the court of appeals mere mention of the allegations; neither the lower court's decision nor Petitioner's brief developed them any further. As for the first, second, and fifth asserted facts, the state supreme court lacked notice of these allegations from the materials they can be presumed to have read.[3] Consequently, the district court held these claims had been insufficiently developed factually in the California Supreme Court and found them unexhausted. We agree. A thorough description of the operative facts before the highest state court is a necessary prerequisite to satisfaction of the standard of *O'Sullivan* and *Harless* that "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal precedent to the facts bearing upon his constitutional claim." *Harless,* 459 U.S. at 6, 103 S.Ct. 276. In this case, the California Supreme Court clearly did not have any opportunity to consider the federal constitutional implications of alleged facts—including alleged physical assault and ex parte interrogation by a state prosecutor—of which it was unaware. Thus, Petitioner's second federal claim was unexhausted.

Even if Petitioner had presented sufficient operative facts, however, we would find his second federal claim unexhausted for a separate and independent reason. Unlike the fourth, fifth, sixth, and seventh enumerated claims discussed above, Petitioner failed to assert a federal law theory underlying this apparent assertion of a constitutional violation. Indeed, he cited no constitutional provision at all in either his federal habeas petition or in his petition to the California Supreme Court. *See Henry,* 513 U.S. at 365–66, 115 S.Ct. 887 (requiring a petitioner identify in state court the federal constitutional claim at issue). Just as setting forth the operative facts is a prerequisite under *O'Sullivan* and *Harless,* so is setting forth the federal legal theory (and doing so specifically under *Lyons* ). *See Harless,* 459 U.S. at 6, 103 S.Ct. 276 ("It is not enough that all the facts necessary to support the federal claim[s] were before the state courts ....").

We therefore hold that Petitioner did file a mixed petition before the district court, although we find that only two of Petitioner's claims were unexhausted. Because we find that all but two of Petitioner's claims were exhausted, we reverse the dismissal of the petition and remand so that the district court can offer Petitioner the opportunity to dismiss those two

---

**3.** Petitioner correctly asserts that he raised these allegations in one paragraph of his opening brief to the California Court of Appeals. This, however, was insufficient to put the supreme court on notice.

claims and proceed to the merits of the others.

■ In addition, the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition. We approved such a procedure in *Calderon v. United States District Court (Taylor)*, 134 F.3d 981 (9th Cir.1998). *See also James v. Pliler*, 269 F.3d 1124, 1126–27 (citing *Taylor*, 134 F.3d at 988) ("In *Taylor*, we held that a district court may, in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to amend the stayed petition to add the now-exhausted claims."); *Anthony v. Cambra*, 236 F.3d 568, 575–78 (9th Cir.2000) (holding that FRCP 15(c)—made applicable to habeas petitions by 28 U.S.C. § 2242—allows the amended pleading, including newly exhausted claims, to "relate back" to the date of the original filing).

■ The exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). The Second Circuit has held that in such circumstances a stay normally *must* be granted. *Zarvela v. Artuz*, 254 F.3d 374, 382–83 (2d Cir.2001). *See also Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, at 79 (1st Cir.2002) (Indeed, there is a growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain federal review.). Although *Taylor* and its progeny formally leave the district court with discretion in this circuit, we join the 'growing consensus' in recognizing the clear appropriateness of a stay when valid claims would otherwise be forfeited. The factors set forth by the Second Circuit explain the strong preference for a stay under these circumstances. In *Zarvela*, the court referred to the doctrine of comity, which "teaches that one court should *defer* action on causes properly within its jurisdiction *until* the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* at 380 (quoting *Lundy*, 455 U.S. at 518, 102 S.Ct. 1198). The court went on to state that "[s]taying the exhausted claims would be a traditional way to 'defer' to another court 'until' that court has had an opportunity to exercise its jurisdiction over a habeas petitioner's unexhausted claims." *Id.; see also Duncan v. Walker*, 533 U.S. 167, 182–83, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., with whom Souter, J., joins, concurring in part and in the judgment) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").[4] Similarly, we recently instructed that when dismissal could jeopardize claims potentially barred by AEDPA's statute of limitations, the district court must so notify the petitioner in order to guarantee the fully informed exercise of his rights. *See Valerio v. Crawford*, 306 F.3d 742, 771 (9th Cir.2002) (en banc). Specifically, the district court must inform

---

4. We note that the concern expressed by the panel in *Taylor* relating to the possible finding of abuse of a writ has now been ameliorated by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), which now allows the newly exhausted claims to "relate back" to the date of the original filing by reason of the amended pleading. *See Anthony*, 236 F.3d at 572.

the petitioner that he may amend his petition to delete unexhausted claims, seek a stay of the fully exhausted petition, and then amend his petition to include the deleted claims once they have been fully exhausted in the state courts. *See Ford v. Hubbard*, 305 F.3d 875, 884 (9th Cir.2002). Furthermore, the district court must inform the petitioner of the status under the statute of limitations of any claims to be dismissed purportedly "without prejudice." *See id.* at 884; *Ford v. Hubbard*, 305 F.3d at 885–86.

The *Zarvela* court suggested that thirty days is sufficient time for a petitioner to return to federal court following final action by the state courts. *See Zarvela*, 254 F.3d at 381. This seems reasonable. The judgment of the district court is reversed and the case remanded to the district court. If Petitioner chooses to dismiss the unexhausted claims, the district court shall pass on his petition containing only exhausted claims. In the event that the district court exercises its discretion to stay federal proceedings while Petitioner exhausts his dismissed claims, the district court may require Petitioner to file his new state petition within 30 days. The stay may remain in effect until 30 days following entry of final judgment by the California Supreme Court to allow Petitioner to present a fully exhausted petition for habeas review to the district court. If Petitioner fails to act within the allotted time, the stay may be vacated *nunc pro tunc* as of the date the district court enters the stay and his petition may be dismissed consistent with *Lundy*. *See Zarvela*, 254 F.3d at 381.

REVERSED and REMANDED.