James E. PROCTOR, Petitioner–
Appellant,

v.

Sherman HATCHER, Warden,
Respondent–Appellee.

No. 02–15818.

D.C. No. CV–00–00655–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Proc-

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

### MEMORANDUM**

Nevada state prisoner James Edward Proctor appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust. Proctor seeks to challenge his Nevada state convictions and sentence for burglary and being an ex-felon in possession of a firearm and sentence. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Proctor contends that his constitutional rights were violated when the prosecutor and Proctor's trial counsel allegedly tampered with witnesses. Proctor also claims that he was denied effective assistance of counsel.

Proctor's state petition did not adequately describe the operative facts and federal legal theory underlying his habeas claims, so as to give the state courts a fair opportunity to consider them. Therefore, his claims are unexhausted. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003) (as amended); *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (holding that to satisfy the exhaustion requirement of § 2254, a petitioner must fairly present federal claims to the state courts by identifying them as such, in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights). Proctor's claims were not "fairly presented" to the state court since his petition failed to include either a sufficient description of how the prosecuting attorney and defense counsel allegedly threatened defense witnesses, or any facts supporting his ineffective assistance of counsel claim. *Id.*

We conclude that the district court did not err in dismissing Proctor's habeas petition for failure to exhaust, because he failed to provide the state courts a fair opportunity to act on his federal claims. *See* 28 U.S.C. § 2254(b)

**AFFIRMED.[1]**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. We decline to review Proctor's claim regarding the state court's failure to hold an evidentiary hearing because it is not encompassed in the certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Hiivala v. Wood*, 195 F.3d 1098, 1102-03 (9th Cir.1999)(per curiam).

