**Harold Eugene BOWERS, Petitioner—Appellant,**

v.

**Robert LAMPERT, Warden, Respondent—Appellee.**

No. 01–35914.

D.C. No. CV–99–00725–DCA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided March 21, 2003.

---

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

1. The claims discussed in the petition to the Oregon Supreme Court, read in context of the state court proceedings and petitioner's briefing therein, were fairly presented. *See, e.g., Kelly v. Small,* 315 F.3d 1063, 1066–68 (9th Cir.2003). The following claims were thus properly exhausted: (1) ineffective assistance, based on: (a) "counsel's failure to timely object to the imposition of a wrongful sentence"; (b) "the statement of petitioner's attorney to petitioner that he would not represent petitioner unless he waived his right to a jury trial"; (c) "[counsel's failure] to object to the Court's failure in not ascertaining whether the jury waiver was voluntarily and intelligently made"; (d) "[counsel's failure] to properly advise and counsel petitioner regarding the ramifications of his waiver of jury as opposed to proceeding to a jury trial"; (2) "the judge [unlawfully] stated that if a plea bargain was not entered into then petitioner would be severely punished"; (3) "[t]he Court unlawfully imposed an excessive and improper sentence when it departed from the sentencing guidelines presumptive sentence"; (4) "[t]he Court accepted the waiver of jury without properly determining whether the jury waiver was voluntarily and intelligently made"; and (5) "[t]he Court allowed and admitted the perjured testimony a[sic] witness against petitioner."

On remand, the district court shall consider on the merits, if not previously considered, any of the above claims that petitioner raised in his federal habeas petition.

2. The state court's findings that counsel adequately discussed the dangers and consequences of waiving a jury trial are amply supported by the record. Petitioner's testimony, that his counsel guaranteed a win and wouldn't represent him unless he waived his jury right, is inconsistent with this finding, but the court's decision of which evidence to believe is entitled to great deference, *see* 28 U.S.C. § 2254(e)(1). On the state court's finding, defendant suffered no ineffective assistance of counsel.

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.