**Carlos John WILLIAMS, Petitioner–Appellant,**

v.

**John LAMBERT, Respondent–Appellee.**

No. 01–35951.
D.C. No. CV–00–01199–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided July 31, 2003.

---

1.  All pending motions are denied as moot.

**4**

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.*

MEMORANDUM**

Carlos John Williams appeals the district court's dismissal of his habeas petition. We affirm in part and reverse in part. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Williams contends that the district court erred in holding that five of his claims (specifically, claims 2, 3, 4, 8 and 9) were procedurally defaulted through his failure to present them properly in Washington state courts. When discretionary state supreme court review is part of the normal appeals process, a petitioner must present all claims before that court and indicate their specifically federal nature in order to permit federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Reese v. Baldwin*, 282 F.3d 1184, 1191 (9th Cir.2002). Williams argues that he exhausted the claims by including them in a pro se supplemental brief before the state court of appeals and explicitly referencing them in his petition for discretionary review before the state supreme court.

■ By itself, an argument raised in a pro se supplemental brief and incorporated into a petition for review before the Wash-

ington Supreme Court without explicit reference to federal law does not "fairly present" the claim for exhaustion purposes. *Kibler v. Walters*, 220 F.3d 1151, 1152–53 (9th Cir.2000); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156–57 (9th Cir.2003) (en banc) (holding that a claim had not been fairly presented despite its inclusion in a brief to the court of appeals because it had been framed as a state law question before the state supreme court). Thus, the district court properly concluded that Williams did not properly exhaust claims 2, 8 and 9.

■ Claims 3 and 4 present a different circumstance. In his petition for discretionary review before the Washington Supreme Court, Williams referenced the decision of the state court of appeals. That decision contained explicit references to the federal basis of claims 3 and 4. For federal habeas purposes, we consider the highest state court on notice of the federal issues when the court of appeals presents the operative facts and discusses the federal legal basis of the claim. *Kelly v. Small*, 315 F.3d 1063, 1067 (9th Cir.2003). In this case, the state court of appeals presented the operative facts of Williams' fourth claim that the government utilized an impermissibly suggestive photo lineup. The court then summarized and distinguished *Grubbs v. Hannigan*, 982 F.2d 1483, 1489–90 (10th Cir.1993), which held that certain photo identification procedures violated a defendant's federal due process rights. Similarly, the court of appeals presented the operative facts behind a portion of Williams' third claim for ineffective assistance of counsel and explicitly cited the

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Strickland* standard.[1]  Combined with the brief summary in the petition for review, the appeals court decision was sufficient to alert the state supreme court of a federal claim.[2]  Thus, the district court erred in holding that Williams had not properly exhausted his state remedies as to claims 3 and 4.

## II

Williams also challenges the district court determination that his first claim was barred on procedural grounds, arguing that it was denied on the merits on direct review before the application of any procedural bar in collateral proceedings. Williams' direct appeal focused on the withdrawal of the jury waiver rather than the "conviction through coerced confession" alleged under the first federal claim. Williams' petition to the state supreme court did not mention the coerced confession claim, nor was it contained in the state court of appeals decision.  Thus, Williams did not fairly present this federal claim to the state supreme court on direct appeal, and the direct appeal does not serve to exhaust state remedies on this claim.

In contrast, in his first personal restraint petition Williams explicitly focused upon the alleged federal constitutional violations.  The court of appeals dismissed the claim because Williams relied upon hearsay and failed to demonstrate he possessed any admissible evidence on the issue.  The state supreme court noted that Williams "raised a similar issue on appeal," and then held that Williams had failed to tender admissible evidence on the question.  When Williams presented a second personal restraint petition with this claim in August 2000, both the court of appeals and the supreme court clearly rejected the petition on procedural grounds.  The district court found that the personal restraint petitions fairly presented this federal claim to the state courts but that the claim had been rejected on an independent and adequate state procedural ground.

In order to find Williams' claim procedurally defaulted, we must determine whether the Washington Supreme Court rejected his personal restraint petition on procedural grounds and whether an independent and adequate state procedural ground exists to support the state's court procedural bar.  *Bennett v. Mueller,* 296 F.3d 752, 755 (9th Cir.2002).  To constitute an adequate procedural bar, a state court procedural rule must be "clear, consistently applied, and well established at the time of the petitioner's purported default." *Melendez v. Pliler,* 288 F.3d 1120, 1124 (9th Cir.2002).

The threshold question then, is whether the Washington Supreme Court actually dismissed the first personal restraint petition on independent and adequate state grounds.  The district court characterized the decision of the supreme court as a finding of default "pursuant to state procedural rules."  However, the district court did not clarify what procedural rule had been implicated by the failure to present "admissible evidence upon which relief could be granted," and none appears evident in the record.  We therefore remand to the district court with instructions to determine whether the rejection of the

---

1. Williams' habeas petition contains additional ineffective assistance of counsel allegations beyond those discussed in the court of appeals opinion.  Only the specific failures of counsel enumerated in the court of appeals decision and the supreme court petition have been exhausted.  *See Kelly,* 315 F.3d at 1068.

2. In contrast, the state court of appeals did not recite the operative facts or cite any federal case law as to claims 2, 8 and 9.

first personal restraint petition was, in fact, on a procedural basis; to identify the precise procedural rule upon which the Washington Supreme Court relied; and then determine whether the procedural rule was "clear, consistently applied, and well established at the time of the petitioner's purported default." If the Washington Supreme Court relied upon an independent and adequate procedural basis for rejecting the claim, then federal habeas review of Williams' first claim is precluded. In the absence of such a finding, the district court should resolve the claim on its merits, as it has been exhausted for federal habeas purposes.

### III

Williams also argues that the district court improperly responded to his habeas petition by dismissing the petition in its entirety rather than offering him a choice to return to state court and exhaust any unexhausted claims or to amend his petition and proceed with only properly exhausted claims. As Williams correctly suggests, we have repeatedly affirmed the need to offer habeas petitioners who present mixed petitions with such a choice. *Kelly*, 315 F.3d at 1069–70; *James v. Pliler*, 269 F.3d 1124, 1125 (9th Cir.2001). However, these choices are only relevant when a petitioner has a meaningful chance to present the claims to a state court. In contrast, when the claims are procedurally barred, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002).

In this case, Williams could not return to state court to seek additional relief for any of his claims. The mandate for the direct appeal of his conviction issued in July 1999. Under Washington state law, collateral attacks must be filed within one year after the judgment becomes final.

Wash. Rev.Code § 10.73.090(1). Washington courts will not consider a second or successive personal restraint petition absent good cause showing why the issues were not raised in the prior personal restraint petition. Wash. Rev.Code § 10.73.140. Washington state courts have already rejected Williams' second personal restraint petition as barred under both provisions. Under these circumstances, any claims not previously exhausted are procedurally barred, and the district court was not required to provide Williams the opportunity to return to state court.

Moreover, the complete procedural bar means these claims have been exhausted for habeas purposes, even though they were never fairly presented to the state courts. *Phillips v. Woodford*, 267 F.3d 966, 973–74 (9th Cir.2001); *see also O'Sullivan*, 526 U.S. at 850, 119 S.Ct. 1728 (1999) (Stevens, J., dissenting) (distinguishing between exhaustion and procedural default). Because the petition was not "mixed," the district court did not need to offer Williams a formal opportunity to amend his petition and proceed only with exhausted claims. The court had the authority to dismiss the procedurally defaulted claims and resolve the properly exhausted claims on the merits.

### IV

We affirm the judgment of the district court as to claims 2, 5, 6, 7, 8 and 9. We vacate the judgment of the district court as to claims 1, 3 and 4, and remand for further proceedings consistent with this decision. Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.