**Zachary F. LILLARD, Petitioner— Appellant,**

v.

**William DUNCAN, Warden, et al., Respondents—Appellees.**

No. 01–56474.

D.C. No. CV–96–07375–HLH(Mc).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suit-

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

California state prisoner Zachary F. Lillard appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as a mixed petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. A district court's dismissal of a habeas petition is reviewed de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Lillard contends that the district court erred in dismissing his timely-filed mixed habeas petition. At the time the district court dismissed Lillard's federal petition, the court did not have the benefit of our decisions in *Ford v. Hubbard,* 330 F.3d 1086, 1101–02 (9th Cir.2003) (concluding that the district court erred when it failed to inform a pro se petitioner that he would be time-barred upon returning to federal court with exhausted claims), *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.) (deciding that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed petition."), *cert. denied,* — U.S. —, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003).

Accordingly, we vacate the district court's dismissal of Lillard's petition and remand for consideration in light of this court's recent decisions.[1]

## VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address any issues not raised in the certificate of appealability. *See Hiivala*

*v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

