**David Paul GONZALEZ, Petitioner— Appellant,**

v.

**Jackie CRAWFORD, Warden; Frankie Sue Del Papa, Respondents— Appellees.**

No. 02–15258.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided June 7, 2004.

Michael K. Powell, Esq., Frances A. Forsman, Esq., Federal Public Defender's Office, Reno, NV, for Petitioner–Appellant.

Victor H. Schulze, Office of the Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: LEAVY, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

David Paul Gonzalez ("Gonzalez") appeals the district court's dismissal of his petition for a writ of habeas corpus pursu-

ant to 28 U.S.C. § 2254. The district court issued a Certificate of Appealability ("COA") with regard to one issue: "Did petitioner exhaust in state court the claim that he states as Ground One of his Second Amended Petition for a Writ of Habeas Corpus?" On December 23, 2003, we broadened the COA to encompass one additional claim: "Whether the district court erred in dismissing both Gonzalez's exhausted and unexhausted claims, rather than dismissing the unexhausted claim (Ground One) and staying the exhausted petition pending exhaustion of Ground One." We hold that the district court erred by not considering staying the exhausted claim in Gonzalez's petition pending exhaustion of Ground One in the Nevada state courts, and accordingly vacate and remand for further proceedings consistent with this disposition.

## I.

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 petition. *Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002).

The district court dismissed Gonzalez's petition on the ground that it was a "mixed" petition containing both exhausted and unexhausted federal claims. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In Ground One, Gonzalez alleged that his guilty plea was not entered into knowingly, intelligently or voluntarily, in violation of the Fifth and Fourteenth Amendments to the Constitution. The district court found that this claim was unexhausted because it was never considered by the Nevada Supreme Court in either Gonzalez's direct appeal or the appeal from the denial of post-conviction relief.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In Ground Two, Gonzalez alleged denial of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. Gonzalez claimed that his trial counsel did not advise him of the consequences of his plea, did not communicate effectively with him and did not ensure that he could communicate effectively with the court. The district court found that the factual and legal bases of this claim had been presented to the Nevada Supreme Court in Gonzalez's petition for post-conviction relief, and that this ground was exhausted and ripe for federal habeas review.

Finding the petition mixed, the district court dismissed the petition. The court stated that "[f]ederal courts shall not stay mixed petitions while petitioner returns to state court to exhaust unexhausted claims." At the time the district court issued its order, it did not have the benefit of our decision in *Kelly v. Small,* 315 F.3d 1063 (9th Cir.2003), *cert. denied,* 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003).

In *Kelly,* we held that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition." 315 F.3d at 1070. We noted that this procedure "is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)." *Id.*

The Nevada Supreme Court dismissed Gonzalez's state habeas petition and issued the remittitur on February 10, 1999. Gonzalez filed his federal petition on May 3, 1999. Because Gonzalez's federal habeas proceedings do not toll the statute of limitations, by dismissing all of his claims so that Gonzalez could return to the state court to exhaust Ground One, any subsequent federal habeas petition would be untimely.[1]

Accordingly, in light of *Kelly,* we vacate the district court's judgment dismissing Gonzalez's habeas petition, and remand so that the district court can consider dismissing the unexhausted claim and staying the exhausted claim while Gonzalez returns to state court to exhaust Ground One.

**VACATED and REMANDED.**

---

1. Although the State of Nevada generally has a one-year statute of limitations for post-conviction habeas petitions, Nevada courts will address the merits of a late petition when the petitioner makes a sufficient showing of cause and prejudice. *See* Nevada Revised Statute § 34.726. Thus, exhaustion of Ground One remains a viable option for Gonzalez.