**Eric Todd DOUGLAS, Petitioner–Appellant,**

v.

**Jacqueline CRAWFORD, Respondent–Appellee.**

No. 03–15825.

D.C. No. CV–99–00622–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John C. Lambrose, FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Joseph W. Long, Robert E. Weiland, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM**

Nevada state prisoner Eric Todd Douglas appeals the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Douglas contends that the district court erroneously forced him to abandon his unexhausted claims and failed to advise him of the option of staying his exhausted

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**688**

claims while he returned to state court to exhaust, in light of *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir.2003).

We disagree. A federal district court need not explain habeas procedure to a litigant. *See Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445–46, 159 L.Ed.2d 338 (2004) (holding that a district court is not required to give a pro se litigant warnings about stay-and-abeyance procedure).

**AFFIRMED.**[1]

---

**1.** Douglas seeks to expand the certificate of appealability ("COA") to encompass three more issues. We decline to expand the COA because Douglas fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

