Tyrone T.H. NALL, Petitioner—Appellant,

v.

Craig FARWELL; Frankie Sue Del Papa, Respondents—Appellees.

No. 02–17184.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

John C. Lambrose, Esq., Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Tyrone T.H. Nall, Lovelock, NV, pro se.

David K. Neidert, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Tyrone Nall appeals the district court's denial of habeas petition challenging his Nevada convictions and sentences for five counts of robbery with the use of a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Nall argues that the district court erred in failing to allow Nall to stay his habeas petition in order to allow Nall to return to state court to exhaust the unexhausted claims. We review a district court's grant or denial of a stay for an abuse of discretion. *Rhines v. Weber,* —— U.S. ——, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005). In *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.), *cert. denied,* 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), we held that the district court must consider the stay and abeyance procedure as an alternative to dismissal of a mixed petition when "dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period."

Nall failed to establish that a stay would have been warranted under *Rhines v. Weber,* —— U.S. ——, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005). Furthermore, Nall's argument that the district court failed to advise him of the right to a stay and abeyance is foreclosed by *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2445–47, 159 L.Ed.2d 338 (2004).

The district court advised Nall that his petition was mixed and gave petitioner the opportunity to exercise his options under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct.

1198, 71 L.Ed.2d 379 (1982). In addition, the court offered petitioner an administrative closure procedure that was the equivalent of a stay and abeyance. Nall rejected that procedure and knowingly and voluntarily elected to abandon the unexhausted claims in order to proceed with the exhausted claims.

We also decline to expand the Certificate of Appealability because Nall has failed to make a "'substantial showing of the denial of a constitutional right,'" *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), *quoting* 28 U.S.C. § 2253(c), and has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

AFFIRMED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

