**Jerome Paul WILSON, Petitioner— Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 03–55580.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided Oct. 19, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

Jerome Paul Wilson, Soledad, CA, Susan E. Miller, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Petitioner Jerome Wilson appeals from the district court's procedural rulings denying his request to amend his federal habeas petition and his motions seeking a stay to allow him to exhaust certain issues in state court. We affirm.

1. On the same day Wilson filed his habeas petition in federal court, he also filed a motion requesting that the court stay the proceedings and hold his petition in abeyance while he exhausted certain claims before the California Supreme Court. The magistrate judge denied his motion without prejudice. Once these claims were exhausted, Wilson made no effort to amend his petition to include the newly exhausted issues. At the time the California Supreme Court denied relief on these claims, the present case was still pending, and Wilson had ample time under AEDPA's one-year statute of limitations to add the exhausted claims. As Wilson therefore suffered no prejudice from the magistrate judge's refusal to grant a stay, we need not address whether that ruling was correct.

2. Wilson also alleges that the magistrate judge erred in denying his request to amend his federal petition to include two other unexhausted claims. The magistrate judge denied this request on two independent grounds: (1) the amendment would create a mixed petition that would have had to have been dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); and (2) the request to amend was untimely, and Wilson's explanation for his delay— limited access to the prison library—was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

unpersuasive because Wilson had filed state habeas petitions previously. Wilson does not directly challenge these holdings by the magistrate judge, instead relying on the argument that the denial of the motion to amend was "derivative error" of the denial of the original motion for a stay.

Wilson's assertion that, had the earlier stay been granted, he would have exhausted all of his present claims and then amended the petition to state all his claims is entirely speculative. The request for a stay was limited to the need to complete exhaustion of the claims then pending in state court and did not mention the possibility of exhausting additional claims. We therefore reject the "derivative error" contention.

■ Considering directly the magistrate judge's decision regarding Wilson's attempt to amend his petition to include new, unexhausted claims, we conclude that the magistrate judge had discretion to deny Wilson's request to amend on the grounds of undue delay. *See Bonin v. Calderon,* 59 F.3d 815, 845–46 (9th Cir.1995). The propriety of the alternative ground for denying the stay therefore does not matter. *Cf. Rhines v. Weber,* —— U.S. ——, ——, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005) (holding that a court should stay, rather than dismiss, a mixed petition in limited circumstances).

3. We also affirm the magistrate judge's decision denying Wilson's second motion to stay proceedings to allow him to exhaust the claims he wished to include in his federal petition. Because the magistrate judge properly denied Wilson's request to amend his petition on timeliness grounds, there was no need for a stay, as the decision not to consider those claims had already been made. Unlike the cir-

cumstances in which courts should stay proceedings to allow exhaustion of claims contained in the original petition, *see id.; Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.2003), Wilson sought a stay to exhaust claims that were never properly presented to the district court. Accordingly, it was not an abuse of discretion to deny Wilson's request for a stay.

AFFIRMED.