Tim Michael ANDERSON, Petitioner—Appellant,

v.

John IGNACIO, Respondent—Appellee.

No. 03–15904.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 28, 2005.

Paul G. Turner, Esq., John C. Lambrose, Esq., Federal Public Defender's Of-

---

1. *See* 29 U.S.C. §§ 1001–1461.

**312**

fice, Las Vegas, NV, for Petitioner–Appellant.

John M. Warwick, Esq., Office of the Nevada Attorney General, for Respondent–Appellee

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

At the time Tim Michael Anderson filed his mixed habeas petition with the district court, in February 1999, the Supreme Court required petitioners to either amend their mixed habeas petition and drop unexhausted claims or voluntarily withdraw their entire petition and pursue unexhausted claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Given these options, Anderson chose to abandon grounds seven, eight, and ten of his amended petition and grounds two, four, and five of his statement of additional claims and proceed with the remainder of his exhausted claims. Following our holding in *Kelly v. Small*, 315 F.3d 1063 (9th Cir.2003), Anderson contends that his case should be remanded because the district court failed to consider staying his mixed habeas petition.

The government concedes that we might properly remand this case to the district court for consideration under the Supreme Court's recent holding in *Rhines v. Weber*, — U.S. —, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), but it urges us to dismiss this appeal because the district judge properly followed the law at the time Anderson abandoned his claims. This argument fails because the stay-and-abeyance procedure approved by *Kelly* applies retroactively. *See Brecht v. Abrahamson*, 507 U.S. 619, 631–32, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (retroactively applying new and more encompassing definition of harmless error in habeas cases); *see also McCleskey v. Zant*, 499 U.S. 467, 497–500, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).[1]

Since both parties prefer remand, we do not consider the merits of Anderson's unexhausted claims. In remanding to the district court for a determination of whether Anderson was entitled to a stay we note that *Rhines* holds that "stay and abeyance should be available only in limited circumstances." *Rhines*, 125 S.Ct. at 1535. Following *Rhines*, the district court must grant the stay if: 1) Anderson had good cause for failing to exhaust his claims; 2) the six unexhausted claims are potentially meritorious and; 3) there is no evidence that Anderson intentionally sought to delay the proceedings. *Id.*[2]

**VACATED and REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The government does not argue, and we therefore will not consider, whether Anderson was required to request the stay from the district court. *See Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (holding that district court is not required to warn pro-se litigants that they must abandon unexhausted claims or face the possibility of having their habeas petition time-barred).

2. Should the district court grant Anderson's stay, the court then must also decide whether Anderson's unexhausted claims are subject to

---

equitable tolling. *See Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999); *see also Mayle v. Felix,* —— U.S. ——, —— ——, 125 S.Ct. 2562, 2574–75, 162 L.Ed.2d 582 (2005).

