MEMORANDUM *
A trial court convicted petitioner Carlos John Williams (“Williams”) of attempted first degree rape, five counts of first degree rape, first degree robbery, taking a motor vehicle without permission, five counts of first degree burglary, and first degree kidnaping. Williams appealed his convictions and sentence to the Washington Court of Appeals which affirmed but remanded for resentencing. The Washington Supreme Court denied review.
Williams then filed a personal restraint petition alleging the trial court erred by failing to hold a hearing concerning a witness’s alleged recanted testimony. The Washington Court of Appeals dismissed that petition and the Washington Supreme Court denied review, determining the claim was procedurally barred by state law. Williams filed a second personal restraint petition involving the same claim and the Washington Court of Appeals again dismissed it. The Washington Supreme Court denied review.
Williams then filed in the district court a 28 U.S.C. § 2254 habeas petition. The district court denied that petition pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). On appeal, we affirmed in part, reversed in part, and remanded for further proceedings on the question whether Williams was improperly denied a hearing regarding a witness’s alleged recanted testimony. Our remand order asked the district court to “clarify what procedural rule had been implicated by the failure to present ‘admissible evidence upon which relief could be granted.’ ” Williams v. Lambert, 78 Fed.Appx. 3, 5-6 (9th Cir.2003). We also asked the court to address the claim on the merits if there was no finding of state law preclusion. Id. The district court found the claim was both procedurally barred and meritless. Williams appeals.[1]
Even if Williams’s claim were not procedurally barred, the district court properly found that the claim fails on the merits. The state court decision denying the claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Nor was it based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Id.
Williams failed to present evidence that the prosecution suppressed exculpatory evidence. See United States v. Bagley, 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) citing Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The alleged recanted testimony was known by the defense during the trial court proceedings and it was brought to the trial court’s attention.
Williams also failed to show that the excluded evidence was favorable to him and material to his “guilt or ... punishment.” Bagley, 473 U.S. at 674, 105 S.Ct. 3375 citing Brady, 373 U.S. at 87, 83 S.Ct. 1194. Considering the stipulated facts, in- *366 eluding eyewitness identifications of Williams by multiple victims, Williams’s confession to another witness to some of the crimes, and DNA evidence linking Williams to crimes against four of the victims, there is no reasonable probability that the alleged recanted testimony would have affected the outcome of the case. See Bagley, 478 U.S. at 682, 105 S.Ct. 3375. The witness’s affidavit does not exonerate Williams. The affidavit states that the police offered him benefits for his statement against Williams and that they assisted with the wording of his statement and with his sketch identification of Williams. The affidavit does not state that Williams’s statements to the witness regarding Williams’s confession were false, but primarily expresses dissatisfaction with the result of the witness’s cooperation with, and his subsequent treatment by, the state.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decline to address the uncertified issue briefed by Williams. 9th Cir. R. 22 — 1(e).