NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYQUAN KNOX, | No. 19-55111 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-09481-JAK-SS |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted April 12, 2021**
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and VRATIL,*** District Judge.

Petitioner Tyquan Knox (Petitioner) appeals the district court's denial of his

federal habeas petition. Because the parties are familiar with the facts, we do not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. §§ 2253 and 1291. We review *de novo* a district court's denial of a habeas petition, *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018), and we can affirm on any ground supported by the record, even if it differs from the district court's rationale, *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011) (citations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Under AEDPA, we cannot grant habeas relief unless the state court proceedings resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The district court exercised its discretion to address and deny the petition on the merits without determining whether Petitioner's claims were procedurally defaulted. We issued a certificate of appealability regarding whether the state trial court erred by allowing in-court identification testimony by Dechanne Lane (Lane), in violation of Petitioner's right to due process, including whether that issue is procedurally defaulted. *See* 28 U.S.C. § 2253(c)(3).

2

Petitioner argues the district court erred by denying his petition and by concluding the state trial court did not violate his constitutional right to due process by allowing Lane's in-court identification testimony at Petitioner's preliminary hearing. Respondent-Appellee Raymond Madden (Respondent) argues that Petitioner's claim is procedurally defaulted, and, in the alternative, that the district court properly denied the petition on the merits.

Due to comity and federalism concerns, and the requirement that States have the first opportunity to correct their own mistakes, federal habeas courts generally will not review a state court's denial of a state prisoner's federal constitutional claim if the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729–730 (1991) (citations omitted). A state procedural bar is independent of federal law unless it rests primarily on, or is interwoven with, federal law. *See id.* at 734–35. A state procedural bar is adequate if it is firmly established and regularly followed at the time it is applied. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991).

The California Court of Appeal denied Petitioner's habeas claim regarding Lane's in-court identification by citing to *In re Dixon*, 41 Cal. 2d 756 (1953), which signifies the claim was procedurally barred because Petitioner failed to raise it on direct appeal. Under California law, "habeas corpus may not be used instead of an appeal to review determinations of fact made upon conflicting evidence after a fair

3

trial." *In re Dixon*, 41 Cal. 2d at 760. This rule is colloquially referred to as California's "*Dixon* bar."

In *Johnson v. Lee*, the Supreme Court held that California's *Dixon* bar was both firmly established and regularly followed such that it can serve as an "adequate and independent ground for denying a federal habeas petition . . . ." 136 S. Ct. 1802, 1806–07 (2016) (quoting *Walker v. Martin*, 562 U.S. 307, 311 (2011)). The Supreme Court explained that the *Dixon* bar is "firmly established" because the California Supreme Court warned defendants for decades that, "absent 'special circumstances,' habeas 'will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.'" *Id.* at 1805 (quoting *Dixon*, 41 Cal. 2d at 759). In addition, the Court explained that the California Supreme Court eliminated any arguable ambiguity surrounding this bar by reaffirming *Dixon* in *In re Harris*, 5 Cal. 4th 813 (1993) and *In re Robbins*, 18 Cal. 4th 770 (1998). *See Johnson*, 136 S. Ct. at 1805.

Petitioner contends he has sufficient cause and prejudice to overcome the *Dixon* bar because his failure to raise his due process claim on direct appeal was allegedly caused by his appellate counsel's constitutionally ineffective representation. *See Coleman*, 501 U.S. at 752–53 (recognizing "cause and prejudice" to overcome a state procedural bar may exist when that bar was imposed as a result of ineffective assistance of counsel during a proceeding when the petitioner had a

4

right to counsel). However, Petitioner failed to exhaust his ineffective assistance of appellate counsel claim in state court, so it cannot serve as the basis to overcome the *Dixon* bar. *See Murray v. Carrier*, 477 U.S. 478, 485–90 (1986).

To exhaust his state remedies, Petitioner must have given the California courts a "*fair* opportunity" to act on his claim of ineffective assistance of appellate counsel before presenting it in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To be provided a fair opportunity, a state court needs to be apprised that a petitioner is making a claim under the United States Constitution, and the petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)); *see Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

However, "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo*, 399 F.3d at 1003. The Supreme Court recognized that "[f]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (citation omitted).

5

A petitioner does not satisfy the exhaustion requirement by presenting the state court only with the facts necessary to state a claim for relief. *Id.* at 163. Nor is it enough to make a general appeal to a constitutional guarantee as broad as due process to present the substance of such a claim to a state court. *Id.*

Petitioner's passing references in his state-court proceedings to ineffective assistance of appellate counsel are insufficient to exhaust this claim. First, Petitioner does not contend he raised appellate counsel's performance in his petition to the Los Angeles County Superior Court nor California Court of Appeal. Second, Petitioner does not contend he ever alleged the specific claim he argues here—that appellate counsel was constitutionally ineffective for failing to raise his due process claim related to Lane's allegedly tainted preliminary hearing testimony. And third, neither the Los Angeles County Superior Court, nor California Court of Appeal, nor California Supreme Court addressed his passing allegations against appellate counsel. Instead, the state courts focused on the substance of his claims that related to alleged ineffective assistance of his trial counsel.

Therefore, Petitioner failed to exhaust his claim for ineffective assistance of appellate counsel, so it may not serve as the basis to overcome the *Dixon* bar and procedural default. Accordingly, we cannot consider the merits of Petitioner's due process claim on AEDPA review because the state court's decision rests on a state

procedural bar, California's *Dixon* bar, which is independent of the federal question and adequate to support the state-court judgment. *See Coleman*, 501 U.S. at 729–30.

**AFFIRMED.**