Peter Gonzales OLVERA,
Petitioner–Appellant,

v.

G.J. GIURBINO, Warden, Respondent–
Appellee.

No. 02–56134.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Filed June 8, 2004.

Wayne Young, Santa Monica, CA, for
the appellant.

Maxine P. Cutler, Deputy Attorney General, San Diego, CA, for the appellee.

Before: HUG, FLETCHER, and
WARDLAW, Circuit Judges.

HUG, Circuit Judge:

We are called upon to review a district
court's dismissal of a § 2254 habeas corpus
petition containing both exhausted and

unexhausted claims for relief. State prisoner Peter Gonzales Olvera filed in the United States District Court a mixed habeas corpus petition containing unexhausted claims. Olvera filed a motion stating that only eleven days remained before the statute of limitations would run and requesting that the district court permit him to withdraw his unexhausted claims, stay the petition, and allow him to return with the withdrawn claims after exhausting state remedies. The district court denied his motion and ultimately dismissed the petition because it contained unexhausted claims. We reverse.

The district court denied a certificate of appealability ("COA"), but we granted a COA identifying two issues: (1) whether the district court erred in denying petitioner's motion to stay the proceedings in his 28 U.S.C. § 2254 case pending exhaustion of his claims; and (2) whether the district court erred in dismissing petitioner's 28 U.S.C. § 2254 petition without prejudice, as "mixed," after the statute of limitations for refiling under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired.

## BACKGROUND

Olvera was charged in California State Court with residential burglary. He contended in defense that he was intoxicated at the time, entered into what he thought was a vacant house to find a place to sleep, and had no intention of stealing anything. He was found by the police lying under a blanket in the house with no stolen articles in his possession. Nothing was missing from the house. Olvera contended that he was asleep under the blanket when found by the police. A jury convicted Olvera of residential burglary. Because Olvera had two prior felony convictions, the superior court sentenced him to thirty-five years to life in prison pursuant to California's three-strikes law. Olvera appealed, alleging that there was insufficient evidence of his intent to commit a felony and that the trial court erroneously refused to strike one of his prior convictions. The California Court of Appeal affirmed the conviction and sentence on April 4, 2000.

On April 18, 2000, the day before a petition for rehearing was due, Olvera's appellate attorney sent him a letter stating that she would not file a petition for rehearing or a petition for review with the California Supreme Court and that she was discontinuing her representation. Olvera did not receive the letter until the time to file a petition for rehearing had expired. As a result, Olvera was unable to file a timely petition for rehearing with the court of appeal. The appellate court denied Olvera's three pro se requests for an extension of time and for reconsideration. While Olvera was seeking a rehearing, the time to file a petition for review with the California Supreme Court expired.

Olvera filed habeas petitions pro se in the California Court of Appeal and the California Supreme Court. He alleged ineffective assistance of counsel based on the manner in which his former attorney terminated the representation. Both courts denied the petitions.

Olvera filed the instant pro se petition for habeas corpus in the federal district court on February 1, 2001. He asserted four claims: 1) the evidence was insufficient to support the jury's finding that he had the intent to commit a felony at the time he entered the residence; 2) the trial court abused its discretion in denying his motion to strike one of his prior convictions; 3) he was denied effective assistance of appellate counsel in failing to file a timely petition for rehearing or petition for review; and 4) the Court of Appeal's refusal to consider his petition for rehearing

violated his due process rights. The State filed an answer to his petition stating:

> Petitioner has failed to exhaust state remedies by not presenting claims one and two to the California Supreme Court. Petitioner failed to raise a federal question in claim two. In the event this Court considers these claims exhausted, and that Petitioner raised a federal question in claim two, Respondent submits Petitioner has failed to establish he is entitled to relief.

The State argued that the petition should be dismissed as a mixed petition and that Olvera's claims failed on the merits.

On May 30, 2001 Olvera filed a traverse to the State's answer. He conceded that issues one and two had not been exhausted and requested that the case be dismissed without prejudice pending exhaustion. Olvera also argued the merits of several of his claims.

The posture of the case on May 30, 2001 was that both parties had argued the merits of the four claims; the State had also argued that the petition should be dismissed; and Olvera conceded that two claims had not been exhausted and requested dismissal of his petition without prejudice. Had the district court timely ruled on the Olvera's request for dismissal, there would have been time for Olvera to return to the state court to exhaust his first and second claims.

On September 10, 2001, having received no ruling from the district court on his petition or request for dismissal, Olvera moved pro se to rescind his earlier request for dismissal of the entire petition. Citing *Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir.1993), Olvera asked for a stay of his federal petition pending exhaustion of his first and second claims. His motion stated there were only eleven days left before the statute of limitations would run, leaving insufficient time to exhaust the claims and return to federal court. The motion showed Olvera's calculations of the time remaining.

On September 14, 2001, Magistrate Judge Wistrich denied Olvera's request for a stay. The magistrate judge did not question Olvera's calculation of the eleven days remaining, but made his ruling assuming it was correct. The order stated that a stay should be granted only in exceptional circumstances, which were not present in Olvera's case because Olvera was on notice of the unexhausted claims when the State filed its answer to his petition. The magistrate judge added,"[i]ndeed petitioner conceded that the claims had not been exhausted in his traverse, filed May 30, 2001, *and indicated his intention to present his claims to the state court.*" The italicized portion of the magistrate judge's statement is incorrect. Olvera had acknowledged the unexhausted claims, but did not indicate his intention to present his claims to the state court without a dismissal of the petition. Instead, he requested that the district court dismiss his petition so he could do so. Both parties had argued the merits of all the claims, which constituted a live controversy awaiting the disposition of the court. When no order was forthcoming Olvera filed his September 10, 2001 motion requesting the withdrawal and stay procedure. The magistrate judge entered his order on September 18, 2001, three days before Olvera's calculation that the statute of limitations ran.[1] It is unlikely that this

---

1. The State advances on appeal that there were actually forty-six days before the statute of limitations would run. There is nothing in the record before the magistrate judge concerning that calculation. The magistrate judge made no calculation of the time and entered his order assuming that eleven days remained.

incarcerated prisoner would have received the order before the statute ran.

It is apparent that Olvera, proceeding pro se, reasonably believed that with a live controversy still pending in federal court he was not free to pursue his claims in state court until the federal action was dismissed. The process typically followed in this circuit is dismissal of the petition before the petitioner proceeds to exhaust his claims in the state court.

The magistrate judge's September 18 order gave Olvera the option of either withdrawing his unexhausted claims and proceeding on the merits of only exhausted claims, or dismissing the entire petition and returning to federal court once state remedies were exhausted. The order advised Olvera that should he choose total dismissal, his subsequent petition could be time barred upon his return to federal court.

Olvera did not select either option and filed his objection to the order. On November 19, 2001, the magistrate judge issued a second order again directing Olvera to choose between withdrawing the unexhausted claims and dismissing the entire petition. Olvera did not respond and the magistrate judge filed a report recommending dismissal to the district court on February 22, 2002. Olvera filed objections to the magistrate judge's report, but the district judge entered an order adopting the report and recommendation. The district court entered final judgment dismissing the petition from which Olvera timely appealed.

## JURISDICTION

We have jurisdiction to review the district court's denial of a petition for habeas corpus brought by a person in state custody. 28 U.S.C. § 2253(a). This Court issued a COA as permitted by the AEDPA. *See* 28 U.S.C. § 2253(c). Our review is limited to the issues presented in the COA: (1) whether the district court erred in refusing to stay the habeas proceedings pending the exhaustion of unexhausted claims, and (2) whether it was error for the district court to dismiss the petition as mixed after expiration of the statute of limitations.

## STANDARD OF REVIEW

We normally review a district court's dismissal of a mixed petition *de novo*. *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003). In commending the "withdrawal and abeyance" procedure to district courts in the past we have stated that the use of this procedure falls within the district judge's discretion. *See Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003), *cert. denied*, 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003). We therefore review the district court's denial of Olvera's motion for abuse of discretion and its ultimate dismissal of the petition *de novo*.

## DISCUSSION

### I.

It may be helpful to provide a brief explanation of the context in which the withdrawal and abeyance procedure arises. A district court may not consider a claim in a § 2254 habeas petition until the petitioner has properly exhausted all available remedies that the state provides. 28 U.S.C. § 2254(b). District courts may not retain jurisdiction over "mixed" petitions, that is those containing exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Further, a state prisoner must file a federal habeas petition within one year of the date upon which his state conviction becomes final. 28 U.S.C.

§ 2244(d)(1). This limitations period is tolled while a "properly filed application for State post-conviction or other collateral review ... is pending." *Id.* § 2244(d)(2). Filing a federal habeas petition does not, however, stop the time from running as to any subsequent federal petitions. *Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

■ When faced with a mixed petition, the district court must always give the petitioner the option of either withdrawing unexhausted claims and proceeding only on exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. *Calderon v. District Court (Taylor),* 134 F.3d 981, 986 (9th Cir.1998); *see also James v. Giles,* 221 F.3d 1074, 1077–78 (9th Cir.2000). The fact that the statute of limitations continues to run during the pendency of the federal petition often means that the petitioner will not realistically have time to exhaust state remedies and return to federal court.

The withdrawal and abeyance procedure cures this problem and allows diligent petitioners to have all of their federal claims heard on the merits, which advances the court's interest in deciding cases on the merits rather than technicalities. *See James,* 221 F.3d at 1078. The district court permits the petitioner to withdraw the unexhausted claims, stays the petition proceedings and holds the remainder of the petition in abeyance, conditioned on the petitioner's prompt exhaustion in state court and return. Upon returning to district court, the petitioner may amend the stayed petition to re-assert the previously unexhausted claims. It was this procedure that Olvera requested and that the district court denied.

## II.

■ In the circumstances of this case it was an abuse of discretion not to grant Olvera's motion to utilize the withdrawal and abeyance procedure. He had requested the district court on May 30, 2001, to dismiss the petition without prejudice so that he could proceed in state court to exhaust the unexhausted claims. The court did not dismiss the petition, leaving the federal action pending both on the merits and on the procedural issue. When months expired and no order dismissing the petition was entered, Olvera filed his motion alleging that there were then only eleven days remaining before the expiration of the statute of limitations and requesting that he be allowed to amend his petition to withdraw unexhausted claims, seek a stay of the fully exhausted petition and then return to amend his petition to allege those claims once they had been exhausted. The magistrate judge did not disagree with the eleven-day calculation, but instead based his order denying on his mistaken understanding that Olvera had indicated his intention to present his claims to the state court without the dismissal of his petition.

Our holding that the magistrate judge abused his discretion is fortified by our subsequent case law. In *Kelly* we had the opportunity to discuss the circumstances in which the withdrawal, stay and abeyance procedure is appropriate.

The exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). The Second Circuit has held that in such circumstances a stay normally *must* be granted. *Zarve-*

la v. Artuz, 254 F.3d 374, 382–83 (2d Cir.2001). *See also Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69 at 79 (1st Cir.2002) (Indeed, there is a growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain federal review). Although *Taylor* and its progeny formally leave the district court with discretion in this circuit, we join the 'growing consensus' in recognizing the clear appropriateness of a stay when valid claims would otherwise be forfeited ... [W]e recently instructed that when dismissal could jeopardize claims potentially barred by AEDPA's statute of limitations, the district court must so notify the petitioner in order to guarantee the fully informed exercise of his rights. *See Valerio v. Crawford,* 306 F.3d 742, 771 (9th Cir.2002) (en banc). Specifically, the district court must inform the petitioner that he may amend his petition to delete unexhausted claims, seek a stay of the fully exhausted petition, and then amend his petition to include the deleted claims once they have been fully exhausted in the state courts.

*Kelly v. Small,* 315 F.3d at 1070–71.

It was particularly appropriate in this case to permit Olvera the opportunity to utilize the withdraw, stay and abeyance procedure and an abuse of discretion to deny that opportunity. It is apparent that Olvera could not have exhausted his state claims and returned to federal court within the allotted time. In fact the order was not entered for eight days and Olvera did not receive it until after the statute of limitations expired.

Because we hold that the district court abused its discretion in not granting Olvera's motion for the withdrawal and stay, we need not reach the second issue raised on appeal.

## CONCLUSION

We reverse the district court's judgment dismissing Olvera's petition and remand with the instruction that the district court permit Olvera to withdraw his unexhausted claims, stay the remainder of the petition, and upon exhaustion promptly return to amend his petition to reassert the withdrawn claims.

**REVERSED AND REMANDED.**