**Thomas R. LORD, Petitioner–Appellant,**

v.

**E.K. MCDANIEL, Respondent–Appellee.**

No. 02–17483.
D.C. No. CV–98–00574–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Paul G. Turner, John C. Lambrose, Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Robert E. Weiland, Attorney General, Reno, NV, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

Nevada state prisoner Thomas R. Lord appeals the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of his petition de novo, *see Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir.2004), and we vacate and remand.[1]

At the time the district court denied Lord's motion to hold his exhausted claims in abeyance while he returned to state court to exhaust his unexhausted claims, it did not have the benefit of our decision in *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.) ("[W]e join the 'growing consensus' in recognizing the clear appropriateness of a stay when valid claims would otherwise be forfeited."), *cert. denied*, 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003). Accordingly, the district court abused its discretion in denying Lord's motion. *See Olvera*, 371 F.3d at 573–74 (concluding the district court abused its discretion in denying petitioner's motion to stay and hold in abeyance when statute of limitations would have expired by the time he exhausted his state claims).

Accordingly, we vacate the district court's March 8, 2002 judgment denying Lord's § 2254 petition, vacate the district court's December 28, 2001 order denying Lord's motion to stay and hold in abeyance his exhausted claims, and remand for further proceedings.[2]

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject the government's contention that we lack jurisdiction to consider the issue granted in the certificate of appealability ("COA"). *See Phelps v. Alameda*, 366 F.3d 722, 726–28 (9th Cir.2004) (noting that a merits panel has the power to review the propriety of the issuance of a COA, but recognizing the potential waste of resources in doing so, especially when the parties have already briefed the issue granted).

2. Because we remand for further proceedings, we deny the motion to broaden the certificate of appealability as unnecessary.