**Willie James SMITH, Petitioner—Appellant,**

v.

**George M. GALAZA, Warden, Respondent—Appellee.**

No. 02–55032.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 13, 2005.

Kenneth M. Stern, Esq., Woodland Hills, CA, for Petitioner–Appellant.

Willie James Smith, Calipatria, CA, Deborah J. Chuang, Erika Denice Jackson,

Esq., Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Willie James Smith (Smith) appeals the district court's denial of his petition for writ of habeas corpus on timeliness grounds. Smith argues that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), should be equitably tolled. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand. We review *de novo* a district court's dismissal of a habeas petition on timeliness grounds. *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003). We review the denial of a motion to stay exhausted claims for abuse of discretion. *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir.2004).

## I.

AEDPA imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d); *Pliler v. Ford*, 542 U.S. 225, ——, 124 S.Ct. 2441, 2445, 159 L.Ed.2d 338 (2004). The statute of limitations begins to run when the judgment becomes final by the expiration of the time for seeking certiorari in the United States Supreme Court, which is 90 days after the highest state court enters its judgment. § 2244(d)(1)(A); *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Here, the California Supreme Court denied review on March 11, 1998, and thus Smith's judgment became final on June 9, 1998. Under the "anniversary method" of Federal Rule of Civil Procedure 6(a), the deadline for filing the petition was June 9, 1999.[1] *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001).

Smith filed his first federal habeas petition on December 3, 1998. The district court dismissed this petition without prejudice for failure to exhaust on February 18, 2000. At that point, the one-year statute of limitations had already expired. Thus, in the absence of some form of tolling, Smith's second federal habeas petition, filed on December 18, 2000, would have been time-barred.

## II.

The AEDPA statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). When Smith filed his first state habeas petition on January 15, 1999, there were 145 days remaining in the statutory period. The statute of limitations was tolled through June 25, 1999, the day the California Supreme Court's decision denying the petition became final. *See Bunney*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Prisoners whose convictions became final before AEDPA was enacted had until April 24, 1997, one year after AEDPA's effective date, to file their petitions. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam) (citing *Saffold v. Newland*, 250 F.3d 1262, 1265 (9th Cir.2000)); *Patterson*, 251 F.3d at 1246. Smith's judgment became final well after AEDPA's effective date. Thus, contrary to Smith's assertion, the April 24, 1997, deadline does not apply to him.

*v. Mitchell,* 262 F.3d 973, 974 (9th Cir. 2001) (per curiam). This extended the deadline for filing a federal habeas petition to November 17, 1999. Smith filed his second state habeas petition in the California Superior Court on February 7, 2000. However, because this separate petition was filed after the statute of limitations had already expired, it had no tolling effect. Thus, statutory tolling did not bring Smith's second federal habeas petition, filed on December 18, 2000, within the statute of limitations.

### III.

AEDPA's one-year statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997); *overruled on other grounds by Calderon v. United States District Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler,* 128 F.3d at 1288–89 (citation omitted). Equitable tolling is only appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim...." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. *See Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir.2002); *see also Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir.1993).

■ Smith argues that he is entitled to equitable tolling because the district court 1) abused its discretion by not staying the exhausted claims pending exhaustion of the remaining claims, 2) failed to warn him that the statute of limitations had expired when it dismissed his first petition, and 3) misled him by dismissing his petition "without prejudice" although any subsequent petition was already time-barred. We agree with Smith's first argument, and therefore do not need to address the other two.[2]

District courts must dismiss "mixed" habeas petitions, containing both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 510, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court. *Id.* at 510, 102 S.Ct. 1198. District courts, however, may use a "stay-and-abeyance" procedure in which the court dismisses the unexhausted claims while staying the remaining exhausted claims. *Pliler v. Ford,* 542 U.S. at ——, 124 S.Ct. at 2445 (citing *Calderon v. United States District Court (Taylor),* 134 F.3d 981, 988 (9th Cir.1998)).[3] Once the petitioner has exhausted the previously-unexhausted claims in state court, the court

---

2. We note, however, that Smith's assertion that the district court had a duty to inform him of the expiration of the statute of limitations is foreclosed by *Pliler v. Ford,* 542 U.S. at ——, 124 S.Ct. at 2446.

3. In *Pliler v. Ford,* the majority did not rule on the propriety of the stay-and-abeyance procedure. 542 U.S. at ——, 124 S.Ct. at 2446.

However, Justice O'Connor's concurrence noted that the procedure was "not an idosyncratic one" and was approved of by seven of the eight circuits to consider it. *Id.* at 2448. Justice Breyer's dissent also offered support for the propriety of this procedure. *Id.* at 2449–51; *see also Duncan v. Walker,* 533 U.S. at 182–83, 121 S.Ct. 2120 (Stevens, J., concurring).

may allow the petitioner to amend the original federal petition by adding the newly-exhausted claims, which "relate back" to the original petition, pursuant to FED. R. CIV. P. 15(c). *Id.; Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.2003). This procedure assumes special importance in light of AEDPA's one-year statute of limitations, and it advances our policy of deciding cases on the merits, rather than on procedural grounds. *Olvera,* 371 F.3d at 573; *James v. Pliler,* 269 F.3d 1124, 1126 (9th Cir.2001).

While the decision whether to allow the petitioner to take advantage of the stay-and-abeyance procedure is within the district court's discretion, *see James,* 269 F.3d at 1126–27, we require district courts at least to consider this option. *Kelly v. Small,* 315 F.3d at 1070. Moreover, "[t]he exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period[.]" *Id.* Where a petitioner clearly could not exhaust state claims and return to federal court within the statute of limitations, we have held it to be an abuse of discretion for a district court to deny a habeas petitioner the opportunity to take advantage of this procedure. *Olvera,* 371 F.3d at 574.

Here, on February 18, 2000, the district court dismissed Smith's Second Amended habeas petition without prejudice for failure to exhaust. The Magistrate Judge's Report and Recommendation did not address the stay-and-abeyance option, and there is no evidence in the record that the district court considered this alternative. The district court appears to have been aware of this procedure because it previously stayed Smith's petition on March 22, 1999, pending the exhaustion of Smith's fourth claim in state court. Yet there is no explanation for its failure to consider this option before dismissing the petition on February 18, 2000, when it was clear that Smith would be unable to return to federal court, because the AEDPA's statute of limitations already had expired.

■ Under these circumstances, we conclude that the district court abused its discretion by failing to consider staying the petition while Smith returned to the California courts to exhaust the fourth claim. *See Kelly v. Small,* 315 F.3d at 1070; *Olvera,* 371 F.3d at 573–74. This error created "extraordinary circumstances" beyond Smith's control. *See Smith v. Ratelle,* 323 F.3d 813, 819 (9th Cir.2003); *Tillema v. Long,* 253 F.3d 494, 504 (9th Cir.2001). Furthermore, Smith's failure to file within the statute of limitations was not caused by his own lack of diligence. We therefore hold that Smith is entitled to the benefit of equitable tolling of the statute of limitations. Accordingly, we reverse the district court's order dismissing the Smith's petition as untimely, and remand for proceedings consistent with this disposition.[4]

VACATED and REMANDED.

---

4. In light of our disposition we need not address Smith's argument that AEDPA's one-year statute of limitations violates the Suspension Clause as applied to him.