Ricky L. FOOTE, Petitioner–Appellant,

v.

Frankie Sue DEL PAPA; E.K. McDaniel, Respondents–Appellees.

No. 06–15094.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.*

Filed May 22, 2007.

Fed. R.App. P. 34(a)(2).

Paul G. Turner, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., AGNV—Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: WALLACE and THOMAS, Circuit Judges, and EZRA **, District Judge.

### MEMORANDUM ***

Foote appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction to review the district court's judgment under 28 U.S.C. § 2253(a). *See Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir.2004). We review the district court's judgment de novo, *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir.2003), and we affirm.[1]

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

### I

Foote has waived any argument concerning the district court's failure to recognize that his habeas petition asserts two claims identifiable as six (3). *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n. 10 (9th Cir.1999) ("Ordinarily, a party's failure to raise an issue in the opening brief constitutes a waiver of that issue" (quotations omitted)). We treat these two claims as a single one, designated "claim six(3)."

### II

Foote contends that the district court erred by dismissing as procedurally defaulted claims one, four, six (2), six (3), six (4) and part of six (1). "In a habeas corpus proceeding, we do not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003) (quotations omitted); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001).

The Nevada Supreme Court held that the habeas petition Foote filed in 2000 in the state trial court (2000 State Petition) was successive under Nevada law, which provides that the Nevada Supreme court must dismiss

[a] second or successive petition ... if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We affirm the district court's dismissal of Foote's conflict-of-interest claims in a simultaneously-filed opinion.

petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Nevada Revised Statute (NRS) § 34.810(2) (1985). This section does not depend on an antecedent federal law ruling and thus is not interwoven with federal law. Furthermore, Foote has not argued, nor has our review of Nevada case law revealed, that section 34.810(2) is irregularly followed or inconsistently applied. Section 34.810(2) thus constitutes an adequate and independent state law basis for dismissing Foote's claims.

Foote incorrectly argues that the 1990 State Petition is still pending because he did not receive the full amendment/reply period to which he was allegedly entitled. In connection with the 1990 State Petition, Foote presents no evidence that he intended to assert before the Nevada trial court claims one, four, six (2), six (3), six (4) and part of six (1). We will therefore not consider the further issues of whether the trial court prematurely denied the 1990 State Petition and whether the denial implicates the independence or adequacy of the state law basis for the Nevada Supreme Court's dismissal of the 2000 State Petition.

■ Because Foote filed his 2000 State Petition more than eleven years after remittitur issued from his direct appeal, the petition was also untimely. *See* NRS § 34.726(1). To the extent Foote argues that NRS § 34.726(1) is neither an independent nor adequate state law basis for the Nevada Supreme Court's dismissal of the petition, the argument is foreclosed. *See Moran v. McDaniel,* 80 F.3d 1261, 1269 (9th Cir.1996) ("The Nevada Supreme Court has consistently applied the state rule which prohibits review of the merits of an untimely claim unless the petitioner demonstrates cause").

Therefore, the district court did not err by determining that Foote procedurally defaulted claims one, four, six (2), six (3), as well as all of six (1) except the claim that Foote received ineffective assistance of counsel because counsel failed to conduct an appropriate investigation into the facts of the case, develop available defenses, or present any defense.

### III

Foote contends that the district court erred by holding that claim two was procedurally defaulted. The district court found, and neither party disputes, that Foote exhausted claim two in the 1995 State Petition. The Nevada Supreme Court dismissed the 1995 State Petition as successive, and Foote does not challenge the court's dismissal. Rather, Foote asserts that he exhausted claim two on direct appeal and that we may address the merits of the claim regardless of the procedural bar against our consideration of the same claim as it was presented in the 1995 State Petition.

We may not grant a petition "for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... unless it appears that ... the [petitioner] has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). We will not deem a petitioner "to have exhausted th[ose] remedies ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." *Greene v. Lambert,* 288 F.3d 1081, 1086 (9th Cir.2002).

A petitioner has exhausted state remedies only if he characterized the claim he raised in state proceedings as a federal

claim. A petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal or state case law analyzing the particular federal constitutional issue. *See Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003); *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001). A claim may be exhausted "if the State's highest court expressly addresses the claim, whether or not it was fairly presented." *Casey v. Moore,* 386 F.3d 896, 916 n. 18 (9th Cir. 2004).

■ First, we do not accept Foote's argument that he exhausted claim two on direct appeal because the federal basis for the claim was set forth in the State's answer brief. The State's brief on direct appeal cannot evidence Foote's presentation of a federal claim.

■ Second, Foote contends that he exhausted claim two because the Nevada Supreme Court addressed the claim *sua sponte* on direct appeal. The Nevada Supreme Court's analysis of Foote's sufficiency of the evidence claim relied on a single state case, *Wilkins v. State,* 96 Nev. 367, 609 P.2d 309 (1980). *Wilkins* cites *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which sets forth the federal sufficiency of the evidence test. *See Wilkins,* 609 P.2d at 313. *Wilkins,* however, does not indicate whether its sufficiency of the evidence determination was based in state or federal law, or both. To find that the Nevada Supreme Court decided Foote's sufficiency of the evidence claim as a federal claim on such a thin record would work against the principles of comity, federalism, and judicial efficiency that are the very basis for the exhaustion requirement. *Cf. Boyd v. Thompson,* 147 F.3d 1124, 1127 (9th Cir. 1998) (holding that this court's discretionary insistence on exhaustion of state remedies where State has waived the defense "should be exercised to further the interests of comity, federalism, and judicial efficiency"); *Castillo v. McFadden,* 399 F.3d 993, 1003 (9th Cir.2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory"). Foote thus failed to present, and the Nevada Supreme Court failed to decide, his second claim on direct appeal.

We must address the further question of whether Foote procedurally defaulted claim two. Foote does not argue, nor does our review of the record indicate, that Foote asserted a federal sufficiency of the evidence claim in the habeas petitions he filed in state court in 1990 or 1992. Assuming Foote asserted such a claim in the habeas petition he filed in state court in 1995, Foote does not challenge the Nevada Supreme Court's determination that the claims in the petition were procedurally defaulted. Finally, we have already rejected Foote's challenge to the state court's determination that the claims in his 2000 State Petition, including claim two, were procedurally defaulted. The district court therefore did not err by determining that claim two is procedurally defaulted.

## IV

■ Foote's third claim relates to prosecutorial vouching. "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993). Foote qualifies for habeas relief on the basis that prosecutorial statements constituted "vouching" only if the Nevada Supreme Court's denial of habeas relief on this basis was either "contrary to," or "involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A decision involves an 'unreasonable application' of federal law if 'the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case.'" *Bruce v. Terhune,* 376 F.3d 950, 953 (9th Cir.2004), *quoting Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[A]n unreasonable application of federal law must be more than merely incorrect to warrant relief: instead, the state court's application of federal law must be "objectively unreasonable."'" *Id.* at 953–54 (citations omitted).

According to the Supreme Court, "the relevant question" in evaluating a prosecutorial vouching claim is "whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quotation marks and citation omitted).

Foote has not demonstrated that the Nevada Supreme Court applied the *Darden* principle unreasonably by rejecting his vouching claim. Arguably, the prosecutor improperly opined as to Shiroky's credibility when he characterized her testimony as "believable" and when he stated "when you're telling the truth you have to tell the whole truth and that's what she did." However, the prosecutor did not ask the jury to accept Shiroky's testimony based on his endorsement alone. Rather, he asked the jury to accept her testimony based on the physical evidence—which, in its order dismissing the 1990 State Habeas Petition, the Nevada Supreme Court characterized as "convincing"—as well as her willingness to testify about certain conduct on her part that the jury might find embarrassing or inappropriate. Likewise, the prosecutor explained to the jury that his characterization of Foote's out-of-court statements as lies was based on testimony indicating that those statements were contradictory. *Cf. United States v. Weatherspoon,* 410 F.3d 1142, 1147 (9th Cir.2005) ("[W]e have recognized that prosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying" (citation and internal quotations omitted)). The prosecutor did not invite the jury to consider any evidence that was not before it, nor did the prosecutor suggest that his argument concerning Foote's and Shiroky's credibility was based on such evidence.

Because we reject Foote's prosecutorial misconduct claim on the merits, we need not address whether Foote has exhausted or procedurally defaulted the claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

## V

■ We now turn to the part of claim six (1) that alleges ineffective assistance of trial counsel based on counsel's failure to investigate and "to act on" information related to Foote's allegedly acrimonious relationship with Vicky. "The Supreme Court's decision in *Strickland v. Washington,* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ], is the controlling Supreme Court authority that governs [this] claim." *See Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002).

Under *Strickland,* a defendant ... must establish both deficient performance and resulting prejudice. To establish deficient performance, the defendant must

first demonstrate that counsel not merely committed errors, but rather performed outside the wide range of professionally competent assistance. Under *Strickland's* second, prejudice prong, the defendant must also meet the substantial burden of showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Palomba*, 31 F.3d 1456, 1460–61 (9th Cir.1994) (internal citations and quotations omitted).

Citing Cherry's representations to the state trial court, the district court found that the decision not to put Vicky on the stand was a strategic one. The district court found that "Cherry did not want Vicky to testify because it would allow the admission of some physical evidence which he thought would harm Foote." The district court also found that, based on Vicky's testimony at a preliminary hearing, no part of her testimony "would have caused the jury to have had reasonable doubt that Foote committed any sexual assault," and that Vicky's testimony would have been "toxic to Foote." (internal quotations omitted) ] On this basis, the district court concluded that the Nevada Supreme Court reasonably applied federal law by holding that Foote suffered no *Strickland* prejudice as a result of Cherry's strategic decision.

On appeal, Foote argues that if Cherry had called Vicky to testify, and if Vicky had testified that the charged crimes had occurred, then Cherry could have impeached Vicky's testimony with evidence of prior inconsistent statements. This evidence, however, does not implicate the veracity of Shiroky's testimony or the strength of the physical evidence against Foote. Moreover, Foote does not argue that Cherry's decision not to call Vicky was not a strategic one, based on his desire to keep out of the proceedings other unfavorable evidence. On this record, we hold that Foote has not overcome the strong presumption that Cherry "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. We therefore affirm the district court's holding that the Nevada Supreme Court's rejection of the remaining part of claim six (1) was neither contrary to, nor an unreasonable application of, established federal law. *See* 28 U.S.C. § 2254(d)(1).

## VI

In support of his seventh claim, Foote alleges that "[a]ppellate counsel failed to have any contact with [him] during or regarding the appeal" and that "[a]s a result, several grounds for relief that [he] was forced to present by way of his proper person petition for post-conviction relief, should have been presented on direct appeal." The district court found that Foote alleged the "operative facts" pertinent to these "several grounds for relief" only in his Traverse. The district court thus properly held that the allegations set forth in the 2002 Federal Petition in support of the seventh claim were "too conclusory to warrant habeas corpus relief." *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

**AFFIRMED.**