**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES D. ALLEN, AKA Llord J.P. Allen,<br><br>Petitioner - Appellant,<br><br>v.<br><br>L. E. SCRIBER, Warden; et al.,<br><br>Respondents - Appellees. | No. 08-56397<br><br>D.C. No. 3:07-cv-01746-H-AJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: GOODWIN, RAWLINSON, Circuit Judges, and BENNETT, District Judge.[**]

Pursuant to our court's certificate of appealability, this appeal from denial of

federal habeas corpus relief to James D. Allen is limited to "whether the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, U.S. District Judge for the Northern District of Iowa, sitting by designation.

court abused its discretion by denying appellant's motion to stay his 28 U.S.C. § 2254 petition while he exhausted claims in state court," under *Rhines v. Weber*, 544 U.S. 269 (2005), and *King v. Ryan*, 564 F.3d 1133 (9th Cir.), *cert. denied*, 130 S. Ct. 214 (2009). We review a motion to stay exhausted claims for abuse of discretion. *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir. 2004). We affirm.

On May 19, 2004, Allen entered the apartment of Mark Davis and was taking Davis's property, when Davis returned and intercepted him. Telling Davis that he had a knife, Allen ordered Davis to the floor, blindfolded and gagged him, emptied Davis's pockets, and took his car keys. In addition to the property that Allen took from Davis's apartment, Allen took Davis's car and used his ATM card to obtain money. A San Diego County jury found Allen guilty of robbery (Cal. Penal Code § 211), carjacking (Cal. Penal Code § 215), burglary (Cal. Penal Code § 459), false imprisonment (Cal. Penal Code §§ 236, 237(a)), and grand theft (Cal. Penal Code § 487(a)). Because Allen had three prior serious felony convictions, one violent felony prison prior, and four "strike" priors, the trial court sentenced him to 43 years and 4 months to life in prison.

On direct appeal in the California Supreme Court, Allen raised two issues: (1) insufficiency of the evidence to support the carjacking conviction, because there was no evidence that Allen took Davis's car from his immediate presence,

and (2) insufficiency of the evidence to establish that Allen had three prior serious felony convictions. The California Supreme Court denied Allen's petition. Allen's habeas corpus petition in San Diego Superior Court contained two new claims: (1) insufficiency of the evidence to support the carjacking conviction, because there was no evidence that Allen intended to take Davis's car and no evidence that he used fear or force, and (2) insufficiency of the evidence to support his robbery conviction, because there was no evidence that Allen took property from Davis by means of fear or force. This petition was denied.

Allen, pro se, filed his federal petition for habeas relief and raised the four claims that he had raised in state court. He conceded that his claims concerning no evidence of intent to take Davis's car to support his carjacking conviction and no evidence that he took property from Davis's by fear or force were unexhausted. Contemporaneously with filing his federal petition, Allen filed a motion to stay and to hold in abeyance his federal petition while he exhausted his unexhausted state claims. Noting Allen's lack of diligence in pursuing his claims and his failure to argue the merits, the district court denied Allen's motion for stay and required Allen (1) to dismiss his habeas petition voluntarily, or (2) to abandon his unexhausted claims. Allen did not respond timely to the court's order. Because Allen's delinquent response showed that he was unwilling to abandon his

3

unexhausted claims, his petition contained exhausted and unexhausted claims. Therefore, the district court dismissed Allen's habeas petition without prejudice to Allen's submitting a new petition, when he exhausted all his claims.

The stay-and-abeyance procedure under *Rhines* has three requirements: (1) it "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) even with good cause, a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless"; and (3) if the preceding factors are met, a "district court's discretion in structuring a stay is limited by the timeliness concerns reflected in AEDPA"; the district court should not grant a stay to a petitioner who "engages in abusive litigation tactics or intentional delay." 544 U.S. at 277, 278; *King*, 564 F.3d at 1139.

Applying the *Rhines* analysis, Allen first has failed to demonstrate good cause for his delay in pursuing his unexhausted state claims. Second, he has failed to show that his unexhausted claims have merit. When Allen threatened Davis with a knife, bound, and gagged him, sufficient use of fear and force by Allen had occurred. The subsequent taking of Davis's car keys and his wallet from his pocket enabled the carjacking and constituted robbery. *See People v. Burns*, 172 Cal. App. 4th 1251, 1259 (2009) ("All the force that is required to make the

4

offense a robbery is such force as is actually sufficient to overcome the victim's resistence . . . ." (citations and internal quotation marks omitted)). Allen concedes that he left his victim "lying helpless on the floor," thereby admitting that he had subdued Davis. Third, Allen has failed to demonstrate that he acted diligently between his conviction and filing his federal habeas petition to exhaust his unexhausted claims. The same facts, which Allen knew at his conviction and sentencing, are the basis for his exhausted and unexhausted claims. Yet, he delayed over two and a half years in pursuing his unexhausted claims.

Allen has failed to meet the requirements of *Rhines*. Under analogous facts in *King*, we held that the district court did not abuse its discretion by not granting a stay under *Rhines*. 564 F.3d at 1138. Similarly, the district court properly denied Allen's motion to stay his habeas petition, while he exhausted his meritless, state-court claims.

**AFFIRMED.**

5

*Allen v. Scribner*, Case No. 08-56397
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.