NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC A. SAN NICOLAS, | No. 09-56312 |
| Petitioner - Appellant, | D.C. No. 8:07-cv-00681-JVS-JTL |
| v. | |
| DEBRA DEXTER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 17, 2012
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

Marc A. San Nicolas ("San Nicolas") appeals the dismissal of his 28 U.S.C. § 2254 habeas petition, challenging his California "natural and probable consequences" murder conviction, having been found to have aided and abetted a gang member in challenging a rival gang to a fight, which resulted in the murder of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

a member of the rival gang. He now argues that the evidence presented at trial was constitutionally insufficient to convict him, and that prosecutorial misconduct so infected his trial as to deprive him of his constitutional rights.

Reviewing the district court's decision to grant or deny the habeas petition de novo, *Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir. 2004), and reviewing the last-reasoned state court's adjudication of the habeas claim for whether it was contrary to or an unreasonable application of clear Supreme Court precedent, 28 U.S.C. § 2254(d)(1), we affirm.

## I. Sufficiency of the Evidence

A court reviewing the sufficiency of evidence supporting a criminal conviction may grant federal habeas relief only if no rational trier of fact could have found the elements of a crime beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). If the record supports conflicting inferences the court must resolve them in favor of the prosecution. *Id*. at 326. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") adds another layer of deference, mandating that a federal court may grant the petitioner relief only if the state court's determination on the sufficiency of evidence claim was contrary to or an unreasonable application of *Jackson*. *Juan H.*

*v. Allen*, 408 F.3d 1262, 278 n. 14 (9th Cir. 2005) (citing *Jackson*, 443 U.S. at 324 n. 16); s*ee also Cavazos v. Smith,* 132 S. Ct. 2, 3-4 (2011).[1]

San Nicolas first argues that evidence presented was insufficient to prove that his confederate Hubert Varela ("Varela") even committed a challenge to fight, the predicate offense underlying San Nicolas' murder conviction. Under California law, "a person who unlawfully fights in a public place or challenges another person in a public place to fight" is guilty of a misdemeanor and is subject to either imprisonment, a fine, or both. Cal. Penal Code § 415 (West 2010). The record, however, shows that Varela deliberately sought to provoke members of the rival gang to fight, solicited armed back-up, deliberately entered the heart of the rival gang's territory, flashed a gang symbol, and threw a beer can at rival gang members. A rational trier of fact

---

[1] San Nicolas avers that his sufficiency of evidence claim, as opposed to the denial of habeas relief, is subject to de novo review because the California Court of Appeal applied the wrong legal standard when it considered the admissibility of San Nicolas' accomplices' testimony. However, the California Court of Appeal did not apply the wrong federal standard because "there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them." *Caminetti v. United States*, 242 U.S. 470, 495 (1917). California Penal Code § 1111, which requires corroboration of accomplice testimony, is a "state law requirement" which is "not required by the Constitution or federal law." *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000). As such, we must apply AEDPA deference to this claim, and in our review of San Nicolas' sufficiency of evidence claim, we will consider accomplice testimony to be part of the state court record.

3

could thereupon conclude that these acts, taken together, constitute a challenge to fight.

San Nicolas additionally argues that insufficient evidence was presented to prove that he aided and abetted Varela in the challenge. In California, a defendant is guilty of aiding and abetting a target crime if "acting with (1) knowledge of the perpetrator's unlawful purpose, and (2) the intent or purpose of committing, encouraging, or facilitating the commission of a predicate or target offense, (3) by act or advice [the defendant] aided, promoted, encouraged or instigated the commission of the target crime." *People v. Prettyman*, 14 Cal.4th 248, 259 (Cal. 1996) (citing *People v. Beeman*, 35 Cal.3d 547 (Cal. 1984)). The record, however, shows that Varela called San Nicolas and informed him of his desire to fight the rival gang, that San Nicolas responded to Varela's call for assistance immediately, and that he then actually did help Varela by driving him to the scene, picking up additional manpower, attempting to give Varela a gun, bringing a gun himself, and then facilitating the getaway by driving away. A rational trier of fact could determine that, taken together, these facts support a finding that San Nicolas aided and abetted in the challenge to fight.

San Nicolas further contends that evidence presented at trial was insufficient to demonstrate that the murder of a rival gang member was the "natural and probable

4

consequence" of the challenge to fight. To convict San Nicolas of murder under this theory, the jury was required to find, in addition to finding that the target crime, a challenge to fight, occurred and that San Nicolas aided and abetted it, that (1) Lawrence Alvarado ("Alvarado"), the man who shot the victim, was a "co-principal" in the challenge to fight, and (2) that the murder was objectively something a reasonably prudent person would have expected likely to occur. The evidence was sufficient for a rational trier of fact to make both of these additional findings. San Nicolas picked up Alvarado after picking up Varela on his way over to rival gang territory; from this fact alone it is reasonable to conclude that Alvarado was a co-principal to the target crime, the challenge to fight. Further, the record shows that San Nicolas was armed, attempted to arm Varela, and was carrying angry gang members in his car to rival gang turf. A rational trier of fact could conclude that a murder was among the objectively foreseeable consequences of these acts by their very nature, and especially so when considered in the context of gang warfare.[2]

Thus, the trial court's verdict survives the *Jackson* standard, and the California Court of Appeal's decision survives AEDPA review.

---

[2] San Nicolas also argues that as a matter of California law, a murder cannot be the "natural and probable consequence" of the misdemeanor of a challenge to fight. That question is not properly before us, however, as on habeas review, this court need only look to state law to list the elements of crimes, and determines sufficiency of evidence claims under federal standards. *Jackson*, 443 U.S. at 324 n. 16.

5

## II. Prosecutorial Misconduct

On this point, San Nicolas claims the prosecutor violated his constitutional rights by characterizing San Nicolas and his co-defendant as "initial aggressors" or "mutual combatants" and stated that they could not claim self-defense. Instead, San Nicolas argues that they were merely "looking for a fight"—distinct from initial aggression, and they were actually the victims of an ambush by enemies using deadly force; as such they were entitled to self-defense.

Prosecutorial misconduct warrants federal habeas relief only when the prosecutor's misleading or deceptive conduct or language "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). None of what the prosecutor did or said during his closing argument was a misrepresentation of law constituting misconduct; he in fact read aloud during his closing argument the correct standard jury instructions regarding self-defense available to someone who initiates an assault and to a mutual combatant. Moreover, any of the ways in which he characterized the law to favor his case were neutralized by admonitions that the judge gave the jury, warning them that the attorneys would be shading the law to favor their cases, as well as the jury instructions themselves, which were correct statements of law. Finally, the Court of Appeal cited

6

to the correct federal standard for prosecutorial misconduct and proceeded with its analysis accordingly. Thus, the California Court of Appeal's determination that the prosecutor's closing arguments did not constitute misconduct was neither contrary to, nor involved an unreasonable application of *Darden*, and thus survives AEDPA review.[3]

The denial of habeas relief is therefore **AFFIRMED**.

---

[3] At argument, in response to questions from the panel, San Nicolas' counsel seemed to argue a third claim: that there is a fatal inconsistency between the jury's general verdict and its findings regarding sentencing enhancements. We cannot consider that argument here, however, because it was not included in the Certificate of Appealability, nor was it raised in San Nicolas' brief. *See* 28 U.S.C. § 2253(c); 9th Circ. R. 22-1 (e); *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir. 2004).